# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-4055-01-CR-C-FJG |
| ) | |
| DOMINIC J. VEIT, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On September 5, 2013, defendant Dominic J. Veit filed a motion for a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. The Government has filed a response in opposition.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court may direct the Government to file a bill of particulars in addition to the issuance of an indictment. A bill of particulars can be requested by a defendant when "a defendant believes that an indictment does not provide enough information to prepare a defense…." United States v. Huggans, 650 F.3d 1210, 1220 (8th Cir. 2011). "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002). See also United States v. Beasley, 688 F.3d 523, 532 (8th Cir. 2012). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993) (citing United States v. Young, 618 F.22d 1281, 1286 (8th Cir. 1980)). See also United States v. Beasley, 688 F.3d at 532. "[A]n indictment is insufficient only if an essential element of substance is omitted." United States v. Beasley, 688 F.3d at 532.

The granting or denial of a motion seeking a bill of particulars lies within the broad discretion of the trial court. United States v. Sileven, 985 F.2d 962, 966 (8th Cir. 1993). Further, even if an indictment is determined to be insufficient, the availability of information as to the specific conduct and facts of the charge from other sources, such as hearings and the "open-file" discovery policy of the United States Attorney's Office eliminates the need for a bill of particulars. See United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993) (stating there was no need for a bill of particulars where, despite a question as to the conduct complained of in the indictment, the defendant learned of the facts alleged by the Government during an evidentiary hearing); United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991) (the nature and operation of the "open-file" discovery policy is an adequate form of information retrieval making a bill of particulars unnecessary). A bill of particulars is not a discovery device to be used to require the Government to provide a detailed disclosure of the evidence that will be presented at trial. United States v. Huggans, 650 F.3d at 1220; Wessels, 12 F.3d at 750.

**Discussion**

Here, Defendant's motion argues that a bill of particulars is necessary because "the indictment fails to state the exact file names and locations of the alleged pornography" that defendant is alleged to have possessed and/or distributed. Defendant argues that a computer and computer-related equipment were seized from his home, and that the Government alleges he possessed and distributed child pornography, but that the Government has failed to specifically identify the file names and locations within the computer and computer-related equipment that are at issue.

The Government has responded in opposition, asserting that the public indictment deals with child pornography, and due to the graphic nature of these images, it is unnecessary and/or inappropriate to describe each specific image alleged in the indictment when these images have been and continue to be, available in discovery which defense counsel and/or his expert have viewed on more than one occasion. The Government further asserts that the grand jury transcript specifically cites to exhibits which were the basis for both Counts One and Two in the indictment against Defendant, and that this transcript and exhibits have also been available in the discovery, which the Government believes has been already viewed by defense counsel and/or his expert on more than one occasion.

Upon review, this Court finds the indictment charging Defendant with distribution and possession of child pornography provides for the essential elements of these offenses as set forth in 18 U.S.C. § 2252(a)(2) and (b)(1), and 18 U.S.C. § 2252(a)(4) and (b)(2). See Fed. R. Crim. P. 7(c)(i) ("the indictment must be a plain, concise, and definite written statement of the essential facts constituting the offense charged…."). Therefore, the indictment is legally sufficient and does not require a bill of particulars to be provided by the Government to Defendant. See e.g. United States v. Beasley, 688 F.3d 523, 533 (8th Cir. 2012) (defendant's indictment charging him with child pornography counts over a period of years adequately informed defendant of pornography charges made against him, and defendant was not subject to unfair surprise at trial nor was he subject to risk of duplicative prosecution in violation of the Double Jeopardy Clause; denial of motion for bill of particulars affirmed). Moreover, the Government has an "open-file" discovery policy in this case.[1] This policy negates Defendant's assertion that he requires the Government to provide a bill of particulars due to the lack of detail provided in the indictment charges against him. A bill of particulars is not required when information necessary for the defendant's defense can be obtained through some other satisfactory form. Even when an indictment is determined to be insufficient, a bill of particulars is not required if the Government has provided the requested information through pretrial discovery or in some other satisfactory manner. United States v. Huggans, 650 F.3d at 1220. The "open-file" discovery policy in this case has provided defense counsel and/or his expert the details supporting the child pornography charges in the indictment against Defendant. This information, as detailed in the Government's opposition, is legally sufficient and fairly informs Defendant of the specific conduct which provides a basis for the charges against him. This Court finds no basis for requiring the Government to file a bill of particulars in order to provide details which are already available to Defendant through "open-file" discovery in this case.

**Conclusion**

The indictment against Defendant contains the essential elements of the charged offenses and, therefore, is legally sufficient. Additionally, the "open-file" discovery available/provided to defense counsel and/or his expert is adequate in providing the information Defendant's motion

---

[1] The United States Attorney's Office for the Western District of Missouri uses the term "voluntary discovery" in its official discovery policy, rather than "open-file" discovery. This is a voluntary discovery case according to the Assistant United States Attorney assigned to the case and all discovery has been provided to defense counsel.

for bill of particular seeks.  The indictment and the "open-file" discovery policy adequately inform Defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense.  The Court concludes that a bill of particulars is not required.

IT IS, THEREFORE, RECOMMENDED that defendant Dominic J. Veit's motion for bill of particulars be denied.  [33]

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its filing will bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge.  28 U.S.C. § 636(b)(1)(B).

Dated this 31st day of October, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge